The Committee on Elections, to whom was referred the petition of Walter Adams that he may be declared to be duly elected member of the House of Representatives for the twenty-eighth Middlesex representative district instead of the present sitting member, E. Lewis Moore, submits the following report: —
The above petition was received Jan. 8, 1895, and referred to this committee January 9, and the committee gave a hearing to all parties interested upon the 23d of January.
The twenty-eighth Middlesex representative district is composed of the towns of Framingham, Sherborn, Wayland and Holliston, and is entitled to two representatives.
The candidates other than the petitioner who received votes for representative were Thomas W. Frost, John Heffron, George A. Leach and E. Lewis Moore.
*82 According to the official returns, on recount, the vote for representative was as follows : —
Adams, 1,175 ; Frost, 909; Heffron, 153; Leach, 1,185; Moore, 1,177.
The petitioner alleged “that at and during the recount of votes in the town of Sherborn, a certain ballot was counted as a vote for Moore and Leach whereon there was no cross or other mark sufficient to indicate the intention of the voter casting the same to vote for said Moore; ” and further, “ that at and during the recount in the town of Framingham, a certain ballot was thrown out, rejected and disallowed as to the petitioner whereon was a cross against the name of the petitioner, outside the box or square at the right of the name of the petitioner, as printed on such ballot.”
The powers of the House and of this committee are conferred by the Constitution of this Commonwealth, chapter 1, section 3, article 10, which provides that the House of Representatives shall be the judge of the returns, elections and qualifications of its own members, as pointed out by the Constitution.
It was agreed by counsel that the recount of votes in the various towns composing the district was in every way correct, with the exception of the counting of the ballot mentioned in the petition, in the town of Sherborn, and the rejection of the Framingham ballot.
Evidence was received establishing, in the opinion of the committee, a prima facie case sufficient to warrant the committee in recounting the two ballots above mentioned, which were then produced and duly identified. Upon inspection, the marks upon the Sherborn ballot so clearly indicated the intention of the voter to cast his ballot for the sitting member that counsel for the petitioner withdrew the objection to allowing the same, and the official returns, on recount, in the town of Sherborn were allowed to stand.
The question then remaining for the consideration of the committee was that of counting or rejecting the Framingham ballot, which, if allowed for the petitioner, would make the result in this district, as between the petitioner and sitting member, a tie.
The ballot in question was cast in Precinct 1 in the town of Framingham; and while in all other respects the voter, wherever he marked any crosses against the various names to be voted for, did so in a plain and intelligent manner, placing a distinct and well-defined cross in the squares at the right of such names, at that part of the ballot containing the names to be voted upon for representative there appeared a cross, which was marked at the right of the names of Adams and Frost, outside and to the right *83 of the boxes or squares, the intersection of the cross being slightly below the line beneath the name of Adams, and more nearly opposite the name of Frost.
The following is a diagram of the portion of the ballot in question, showing the location of the cross : —

*84 Section 162 of chapter 417 of the Acts of 1898 provides that “ the voter shall prepare his ballot by marking in the square a cross at the right of the name and designation, if any, of the candidate of his choice for each office to be filled, or by inserting the name of the candidate of his choice in the blank square provided therefor, and marking a cross in the square at the right of the same; ” and section 173 of the same chapter provides that “if a voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the choice of the voter for any office to be filled, his ballot shall not be counted for such office.”
Your committee takes the view that the provision of section 162 is directory rather than mandatory ; and all authorities are agreed that the intent of the voter, when it can be ascertained, is supreme. But, in the opinion of your committee, it is not within the intent or meaning of the statute, except where expressly provided, that a voter may signify his intention tc vote for more than one person by means of a single cross.
Nor is the committee inclined, in the absence of statutory provision, to establish the precedent of irregularly counting a single cross for two candidates where there is doubt as to the one for whom the cross was intended ; and that, in the present case, from the location of the cross, and from all the circumstances, it is impossible to decide that the voter intended to cast his ballot for the petitioner, and therefore your committee recommend that the petitioner be given leave to withdraw.